**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000508
13-NOV-2015
09:11 AM**

NO. CAAP-15-0000508

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MIKE YELLEN, Plaintiff-Appellant,
v.
OFFICE OF THE PROSECUTING ATTORNEY, STATE OF HAWAIʻI,
FORMER GOVERNOR NEIL ABERCROMBIE, GOVERNOR DAVID IGE,
DEPARTMENT OF MOTOR VEHICLE, Defendants-Appellees,
and
JANE and JOHN DOES 1-100, Defendants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3RC-15-1-0440)

ORDER
(1) GRANTING OCTOBER 26, 2015
MOTION TO DETERMINE JURISDICTION;
(2) DISMISSING APPELLATE COURT CASE NUMBER
CAAP-15-0000508 FOR LACK OF APPELLATE JURISDICTION;
AND
(3) DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Defendants-Appellees State of
Hawaiʻi, Former Governor Neil Abercrombie and Governor David
Ige's (the State Appellees) October 26, 2015 motion to determine

jurisdiction, (2) the lack of any response by Defendants-Appellees County of Hawaiʻi Office of the Prosecuting Attorney and Department of Finance Vehicle Registration and Licensing Division (the County Appellees) and Plaintiff-Appellant Mike Yellen (Appellant Yellen) to the State Appellees' October 26, 2015 motion to determine jurisdiction, and (3) the record, it appears that we lack appellate jurisdiction over Appellant Yellen's appeal from the Honorable Andrew P. Wilson's June 8, 2015 order granting the County Appellees' motion to dismiss Appellant Yellen's complaint, because the June 8, 2015 order does not qualify as an appealable final order under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang, 91 Hawaiʻi at 427, 984 P.2d at 1253 (emphases added).

In the instant case, the June 8, 2015 order dismisses

Appellant Yellen's complaint as to the County Appellees only. The June 8, 2015 order does not dismiss Appellant Yellen's complaint as to the State Appellees, and, thus, Appellant Yellen's complaint as to the State Appellees is still pending before the district court.  Under analogous circumstances where the separate judgment rule did not apply, the Supreme Court of Hawai'i explained that,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enter., Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted).  In the instant case, the district court has not yet entered the last and final order in the series of orders that the district court intends to utilize to adjudicate all of the multiple claims in Appellant Yellen's complaint as to all of the multiple parties.  When and if the district court enters a future order that adjudicates Appellant Yellen's complaint as to the State Appellees, then that future order will qualify as an appealable final order under HRS § 641-1(a) and the holding in Casumpang that will give finality and appealability to all orders in the entire series of orders (including the June 8, 2015 order) that the district court will have utilized to adjudicate all claims in this case.  At the present time, however, the June 8, 2015 order is not an appealable final order under HRS § 641-1(a) and the holding in Casumpang.  Appellant Yellen's appeal is premature, and we lack appellate jurisdiction under HRS § 641-1(a).  Therefore,

IT IS HEREBY ORDERED that the State Appellees' October 26, 2015 motion to determine jurisdiction is granted, appellate court case number CAAP-15-0000508 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-15-0000508 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, November 13, 2015.

Chief Judge

Associate Judge

Associate Judge

-4-